IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-01443-BNB


LARRY ELEVTHERIOS JOHNSON,

        Plaintiff,

v.

MYELIN PRODUCTIONS,
AXUM21ST GROUP GLOBAL,
RICHARD VAZ,
FRANCES VAZ,
SABRINA VAZ,
SUMMER BROOKE, and
KRISTA COX,

        Defendants.

---

## ORDER OF DISMISSAL

---

        Plaintiff, Larry Elevtherios Johnson, currently resides in Boulder, Colorado.  Mr.

Johnson, acting *pro se*, initiated this action by filing a Complaint and asserting violations

of his U.S. rights under (1) Article I, Section 8, of the United States Constitution; (2) the

Racketeering Influence and Corrupt Organization Act (RICO), 18 U.S.C. § 1961, et seq.;

(3) the Copyright Act of 1976, 17 U.S.C. §§ 102(a), 203(a)(b) and (d), 106(2), 501(a),

and 506; (4) the Berne Convention of 1989; and (5) various state laws including

defamation, contractual interference, and infliction of emotional distress.  The Court has

granted Mr. Johnson leave to proceed pursuant to 28 U.S.C. § 1915.

First, the Court takes judicial notice of the recommendation entered Mix in *Johnson v. Artemis, et al.*, No. 12-cv-01359-WJM-KLM at ECF No. 84 (D. Colo. Aug. 2, 2013). In particular, the magistrate judge determined that Mr. Johnson is an attorney and was admitted to practice in the State of Colorado until 2005, when he was suspended for failure to pay fees. *Id.*, ECF No. 84 at 8-9. Mr. Johnson acknowledges that he is an "officer of the Court." *Id.* (citing Resp., ECF No. 43, at 5.) Since Mr. Johnson acknowledges he is an attorney, this Court will decline to construe his *pro se* pleadings liberally. *See Smith v. Plati*, 258 F.3d 1167, 1174 )10th Cir. 2001). For the reasons stated below, the Complaint will be dismissed.

Mr. Johnson asserts that Defendants Myelin Productions, Axum21st Group Global, Richard Vaz, France Vaz, Sabrina Vaz, Summer Brooke, and Krista Cox have collectively conspired to deprive him of and infringe upon his copyrights of the original screenplays, Theodora the Great and Children of Tykarindom. Mr. Johnson contends that his works are registered with the United States Copyright Office, Registration #PAu 3-640-758 with an effective date of September 30, 2012. Mr. Johnson further asserts that Defendants have now entered into an agreement with Myelin Productions to produce a movie using his copyrights. Mr. Johnson seeks money damages.

Previously, in Case No. 12-cv-01359-WJM-KLM, Mr. Johnson raised the same RICO, copyright, and state law claims as are raised in this action. Case No. 12-cv-01359-WJM-KLM, ECF Nos. 77 and 77-1. In Case No. 12-cv-01359, the district judge dismissed seven of the named defendants without prejudice, because Mr. Johnson failed to serve these defendants with the second amended complaint within 120 days. *Id.*, ECF No. 80 at 2. Mr. Johnson then filed this action against the seven dismissed

2

individuals.

Also, in Case No. 12-cv-01359-WJM-KLM, the district judge adopted a recommendation in its entirety to deny a motion to amend and to file a third amended complaint. *Id.*, ECF No. 85 at 2. The magistrate judge recommended that the RICO claim be dismissed because Mr. Johnson failed to assert a violation of 28 U.S.C. § 1962, *id.* ECF No. 81 at 6-8, and that his other claims, including conspiracy, intimidation, harassment, stalking, extortion, slander, libel, false prosecution, defamation, destruction of private property, obstruction of justice, interference with a contract, and civil theft, should be dismissed as conclusory allegations, *id.* at 9-10.

Separately, the magistrate judge recommended dismissal of Mr. Johnson's second amended complaint because he failed to meet both elements necessary to demonstrate a copyright infringement and the remaining claims all sounded in state law. *Id.* ECF No. 84 at 18-23. The district judge adopted the substance of the recommendation and dismissed Mr. Johnson's second amended complaint for failure to state a claim regarding the copyright infringement. *Id.* ECF No. 95 at 3-4.

In this action, Mr. Johnson asserts that Defendants violated RICO because they "engaged in a conspiracy to steal and convert [his] property." Compl. at 7. Mr. Johnson does no refer to specific federal statutes as the basis for his claims. In general, Mr. Johnson asserts that Defendants "joined together with Myelin Productions and other affiliate joe doe groups to conspire to steal [his] copyrights for their own financial gain, engaging in racketeering activities, that results in the loss of contracted talent . . . ." Compl. at 4. Mr. Johnson contends that Defendants met from May 8 to June 4, 2012, to collectively conspire to deprive him of his copyrights and that despite repeated warnings

3

to them they set up websites, regarding the copyrighted scripts, to obtain funding, and eventually signed an agreement with Myelin Productions to produce a movie using the copyrighted scripts.  *Id.* at 4-5.  Mr. Johnson further contends that Defendants were "mob oriented, vicious and persistent" and that they collectively engaged in racketeering activities when they falsely prosecuted, threatened, intimidated, stalked, extorted, slandered, and defamed both Plaintiff and others who signed to perform in Mr. Johnson's movies.  *Id.* at 5.  Mr. Johnson also contends that from May 5 through 12, 2012, Defendants used telephones and internet emails to gain access to his property and copyrights for reproduction and distribution for the purpose of commercial advantage or private financial gain.  *Id.* at 6.  Finally, Mr. Johnson contends that Myelin Productions has committed civil theft by using a person's name on their website, who is precluded from working in their productions.  Id.

Based on the following, Mr. Johnson's RICO claims lack merit.  Title 18 U.S.C. § 1964(c) provides that:

> Any person injured in his business or property by reason of a violation of
> section 1962 of this chapter may sue therefor in any appropriate United
> States district court and shall recover threefold the damages he sustains
> and the cost of the suit, including a reasonable attorney's fee . . . .

*See Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007) (" '[A] plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962.' ") (quoting *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003)).

"A private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income." *Peterson v. Shanks*, 149

F.3d 1140, 1145 (10th Cir. 1998) (citing *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir. 1989)).  Injury from the racketeering acts, *per se*, is not sufficient to state a violation under § 1962 because § 1962(a) does not prohibit racketeering acts. *Grider*, 868 F.2d at 1149.  Section 1962(a) "does not state that it is unlawful to receive racketeering income; rather . . . the statute prohibits a person who has received such income from using or investing it in the proscribed manner." *Id.*  Nothing Mr. Johnson asserts claims Defendants received income or invested such income in any enterprise that is engaged in interstate or foreign commerce.   Because Mr. Johnson fails to state an injury by the use or investment of racketeering income, he is not able to state his injuries were caused by a RICO violation. *Id.*  Mr. Johnson, therefore, lacks standing to bring a RICO claim under § 1962(a). *Id.* at 1151.

Furthermore, to state a RICO claim Mr. Johnson must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)); *see also BancOklahoma Mortgage Corp. v. Capital Title Co. Inc.*, 194 F.3d 1089, 1100 (10th Cir. 1999).

"[T]o properly plead an enterprise a plaintiff must allege three components: (1) that there is 'an ongoing organization with a decision-making framework or mechanism for controlling the group,' (2) 'that various associates function as a continuing unit,' and (3) 'that the enterprise exists separate and apart from the pattern of racketeering activity.' " *Kearney v. Dimanna* 195 F. App'x 717, 720 (10th Cir. 2006) (quoting *United States v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005).  It is well-settled in this circuit, as in most, that for purposes of 18 U.S.C. § 1962(c), the defendant 'person' must be an

entity distinct from the alleged 'enterprise.' " *Brannon v. Boatmen's First Nat'l Bank of Okla.,* 153 F.3d 1144, 1146 (10th Cir.1998) (following *Bd. of County Comm'rs v. Liberty Group,* 965 F.2d 879, 885 & n. 4 (10th Cir.1992)); *see also Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163 (2001) (accepting "the [RICO] 'distinctness' principle" developed in the circuit courts, though holding it inapplicable under circumstances irrelevant to the instant case).

Mr. Johnson fails to allege the existence of an enterprise separate and apart from any alleged racketeering activity. Criminal actors who participate in a pattern of racketeering activity do not automatically constitute an "association-in-fact RICO enterprise" by the virtue of engaging in joint conduct. *Kearney*, 195 F. App'x at 720-21. Absent the alleged copyright infringement there would not be an association-in fact among Defendants. *Id.* Mr. Johnson has thus failed to allege an enterprise distinct from the individual named Defendants.

Mr. Johnson also fails to assert that there has been a pattern of racketeering activity. A pattern requires at least two predicate acts. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (quoting 18 U.S.C. § 1961(5)). Even if the Court were to find that at least two predicate acts had taken place, because the alleged infringement involves two copyrights, Mr. Johnson has failed to assert that the "predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." *Id.* (quoting *Hall v. Witteman*, 584 F.3d 859, 867 (10th Cir. 2009) (internal quotations omitted).

Mr. Johnson asserts that Defendants conspired to steal and convert his two copyrights and have continued to make use of these copyrights through various media

6

outlets.  He further claims that on May 22, 2012, Defendants informed him that because they hold the controlling interest in the copyrights they had hired Myelin Productions to produce the motion pictures based on the copyrights.  The result of the alleged copyright infringement is no more than a "discrete goal," which involves a finite group of individuals infringing on his copyrights to produce a movie, and because there is no continuing, long-term criminal activity involved Mr. Johnson fails to assert a pattern of racketeering activity.  *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992) (citations and quotations omitted).  Therefore, Mr. Johnson has failed to assert a threat of continued criminal activity and that the predicate acts are a regular way of conducting business by a RICO enterprise.

Because Mr. Johnson fails to assert the existence of an enterprise or the pattern of racketeering activity, he does not assert a RICO violation under § 1962(b) or (c).

Based on the above findings, the Court will refrain from addressing Mr. Johnson's conspiracy claim pursuant to 18 U.S.C. § 1962(d), which makes it unlawful for any person to conspire to violate 18 U.S.C. § 1962(a), (b), or (c).  "By its terms, § 1962(d) requires that a plaintiff must first allege an independent violation of subsections (a), (b), or (c), in order to plead a conspiracy claim under subsection (d)." *Tal V. Hogan*, 453 F.3d 1244, 1270 (10th Cir. 2006).  "[A]ny claim under § 1962(d) based on a conspiracy to violate the provisions of 18 U.S.C. § 1962(a), (b), or (c) must necessarily fall if the substantive claims are themselves deficient." *Condict v. Condict*, 826 F.2d 923, 927 (10th Cir. 1987).  Because the Court has determined that Mr. Johnson lacks standing under § 1962(a) and, furthermore, fails to state an enterprise or pattern exists for purposes of § 1962, the substantive claims are deficient and Mr.

Johnson's conspiracy claim as asserted under § 1962(d) fails as a matter of law and will be dismissed as legally frivolous.

Next, to state a copyright infringement claim Mr. Johnson must assert, "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. V. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)) (internal quotations omitted).  For the following reasons, even if the Court finds that Mr. Johnson holds ownership of a valid copyright of both screenplays, Theodora the Great and Children of Tykarindom, Registration No. PAu003640758, as indicated on the United States Copyright Office website, he fails to assert that Defendants copied constituent elements of the work that is original.

To satisfy the second element, Mr. Johnson must assert that Defendants actually copied the copyrighted work and that the elements of the work that were copied were "protected expression and of such importance to the copied work that the appropriation is actionable." *Gates Rubber Co. v. Bando Chem. Industries.*, 9 F.3d 823, 832 (10th Cir. 1993).  Nothing Mr. Johnson asserts in this action meets the two inquiries identified in *Gates*.

Furthermore, as early as July 12, 2013, Mr. Johnson had notice that his copyright claims in Case No. 12-cv-01359-WJM-KLM, ECF No. 84 at 22, failed to state a claim of copyright infringement.  The copyright infringement claims asserted in Case No. 12-cv-01359-WJM-KLM are the same claims Mr. Johnson asserts in the instant action. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam);

8

*Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.  *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). Therefore, because Mr. Johnson is an attorney and the Court declines to construe Mr. Johnson's claims liberally, and he had notice that his claims were lacking in the necessary specificity to state a copyright infringement claim, the Court will dismiss the copyright infringement claims with prejudice as repetitive and legally frivolous.

Finally, the Court finds that, to the extent Mr. Johnson may assert jurisdiction pursuant to the Berne Convention of 1989 or Article I, Section 8, of the United States Constitution, nothing he presents in this action addresses either the Berne Convention of 1989 or Article I, Section 8.  The Court further finds that Mr. Johnson's basis for jurisdiction is under the Constitution, laws, or treaties of the United States, which is asserted properly under 28 U.S.C. § 1331.  Because all claims over which the Court had original jurisdiction, based exclusively on a federal question,  will be dismissed, the Court, in its discretion, will decline review of any state law claims.  *See* 28 U.S.C. § 1367(c)(3).

Based on the above findings, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Johnson files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed.  It is

FURTHER ORDERED that the claims based on federal question jurisdiction are

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the state law claims are dismissed without prejudice

as the Court declines to exercise supplemental jurisdiction over these claims.

DATED at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court